APPEAL,CLOSED,EFILE,HABEAS,MEG,PROSE,SA

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:23−cv−00719−JAM

| | |
|---|---|
| Carpenter v. Sitek<br>Assigned to: Judge Jeffrey A. Meyer<br>Referred to: Judge Maria E. Garcia<br>Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Date Filed: 05/31/2023<br>Date Terminated: 06/05/2023<br>Jury Demand: None<br>Nature of Suit: 530 Habeas Corpus (General)<br>Jurisdiction: U.S. Government Defendant |

**Petitioner**

**Daniel E. Carpenter**　　　　　　　represented by　**Daniel E. Carpenter**
18 Pondside Lane
West Simsbury, CT 06092
PRO SE

V.

**Respondent**

**Jonathan Sitek**
*Honorable, Supervisory U.S. Probation Officer*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/09/2023 | 5 | NOTICE OF APPEAL as to 4 ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS by Daniel E. Carpenter. (Chartier, AnnMarie) (Entered: 06/12/2023) |
| 06/05/2023 | 4 | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS. The petitioner has filed a petition for writ of habeas corpus seeking to challenge his conviction that occurred in the District of Massachusetts. The Court DISMISSES the petition for the same reasons it has previously dismissed a substantially similar petition in Carpenter v. Garland, 3:22−cv−725−JAM (D. Conn.). In that case, the Court granted respondent's motion to dismiss for lack of any plausible showing that the petitioner was "in custody" for his Massachusetts conviction at the time that he filed this action and otherwise for the reasons set forth by respondent in its motion. The Court also noted that the petitioner did not identify any grounds to conclude that a federal district court in Connecticut has authority to invalidate a conviction that has entered in a federal district court in Massachusetts. In addition, when a petitioner brings a second or successive habeas corpus proceeding seeking to challenge his conviction pursuant to 28 U.S.C. 2255, the petitioner must first seek relief in the United States Court of Appeals which it does not appear that the petitioner has done. See 28 U.S.C. 2244(b)(3)(A), 28 U.S.C. 2255(h). Because petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall enter. See 28 U.S.C. § 2253(c)(2). The Clerk of Court shall close this case. It is so ordered.<br>Signed by Judge Jeffrey A. Meyer on 6/5/2023.(Lewis, D) (Entered: 06/05/2023) |
| 05/31/2023 | 3 | ELECTRONIC FILING ORDER FOR COUNSEL − PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Jeffrey A. Meyer on 5/31/2023.(Chartier, AnnMarie) (Entered: 06/05/2023) |
| 05/31/2023 | 2 | STANDING PROTECTIVE ORDER<br>Signed by Judge Jeffrey A. Meyer on 5/31/2023.(Chartier, AnnMarie) (Entered: 06/05/2023) |
| 05/31/2023 | | Judge Jeffrey A. Meyer and Judge Maria E. Garcia added. (Shafer, J.) (Entered: 06/02/2023) |

| 05/31/2023 | | Filing fee received from Colt Holmes for Daniel Carpenter: $ 5.00, receipt number 20277 (Manual Receipt #605733) (Peterson, M) Modified on 6/8/2023 (Peterson, M). (Entered: 06/02/2023) |
|---|---|---|
| 05/31/2023 | 1 | PETITION for Writ of Habeas Corpus, filed by Daniel E. Carpenter. (Attachments: # 1 Exhibits) (Peterson, M) (Entered: 06/02/2023) |